UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS SCOTT MICKEY,<br>Petitioner,<br>v.<br>RON DAVIS, Warden of San Quentin State Prison<br>Respondent. | Case No. 93-00243<br><br>**ORDER GRANTING MOTION TO APPOINT ADDITIONAL COUNSEL**<br>Re: Dkt. No. 230 |

## INTRODUCTION

On June 15, 2018, petitioner filed a motion to appoint additional counsel. Petitioner requests that the Arizona Federal Public Defender ("FPD") be appointed to prepare a clemency petition on his behalf. On July 3, 2018, respondent filed an opposition. On July 8, 2018, petitioner filed a reply. For the reasons stated below, the Court GRANTS petitioner's motion.

## BACKGROUND

Petitioner was convicted and sentenced to death in San Mateo County Superior Court in 1983. The California Supreme Court affirmed his conviction and sentence on direct appeal in 1991. *People v. Mickey*, 54 Cal. 3d 612 (1991). Petitioner's petition for writ of certiorari was denied by the United States Supreme Court. *Mickey v. California*, 506 U.S. 819 (1992).

Petitioner filed a federal habeas petition on December 1, 1995. On November 17, 2006, his petition was denied as to his guilt phase claims, but relief was granted in relation to a penalty phase claim. (ECF Dkt. No. 207). The Ninth Circuit affirmed the denial of guilt phase claims but reversed the grant of relief on petitioner's penalty phase claim. *Mickey v. Ayers*, 606 F.3d 1223 (9th Cir. 2010). Petitioner's petition for a writ of certiorari was denied by the United States Supreme Court on October 11, 2011. *Mickey v. Ayers*, 565 U.S. 952 (2011). The Ninth Circuit

1  issued its mandate on October 13, 2011. (ECF Dkt. No. 222).

**PARTIES' CONTENTIONS**

Petitioner, through his counsel Frank McCabe and Neoma Kenwood, requests that the Capital Habeas Unit of the Arizona FPD be appointed to help prepare his application for clemency. Mr. McCabe and Ms. Kenwood were appointed in 1994 to represent petitioner in his federal habeas proceedings. Mr. McCabe, now 74 years old, is currently a sole practitioner working from his home office. He is winding down his practice and plans to retire. Ms. Kenwood currently works 80% time at the California Appellate Project and devotes 20% of her time to private practice. Given that Mr. McCabe and Ms. Kenwood are sole practitioners with no prior clemency-related experience, they seek the assistance of the Arizona FPD for the preparation of petitioner's clemency petition. The Arizona FPD has a capital habeas unit with a full-time staff of experienced capital litigators, investigators and paralegals, including staff with clemency experience. In support of his request, petitioner cites *Harbison v. Bell*, 556 U.S. 180 (2009), which holds that 18 U.S.C. § 3599 authorizes federally appointed counsel to represent prisoners in state clemency proceedings.

Respondent opposes petitioner's request. He asserts that *Harbison* applies only to situations where a petitioner is unable to obtain state-furnished representation. (ECF Doc. No. 235 at 2-3). Respondent contends that since California provides counsel for clemency proceedings, petitioner should direct his request for additional counsel to the California Supreme Court.

**DISCUSSION**

Title 18 U.S.C. § 3599 provides for the appointment of counsel in federal capital trial and post-conviction proceedings, including clemency proceedings. Section 3599(a)(2) states:

> In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).

Section 3599(e) provides that each appointed attorney shall:

> [R]epresent the defendant throughout every subsequent stage of

2

> available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and *proceedings for executive or other clemency as may be available to the defendant*. (Emphasis added).

In *Harbison*, the United States Supreme Court granted certiorari to decide whether "§ 3599(e)'s reference to 'proceedings for executive or other clemency as may be available to the defendant' encompasses state clemency proceedings." 566 U.S. at 183. The United States Supreme Court concluded that it does, reasoning that under a straightforward reading of the statute, counsel who had been appointed to represent Mr. Harbison in federal corpus proceedings were obliged by virtue of that appointment to represent him in his state executive clemency proceedings. *Id*. at 185-186. The United States Supreme Court explained:

> [O]nce federally funded counsel is appointed to represent a state prisoner in § 2254 proceedings, she "shall also represent the defendant in such ... proceedings for executive or other clemency as may be available to the defendant." § 3599(e). Because state clemency proceedings are "available" to state petitioners who obtain representation pursuant to subsection (a)(2), the statutory language indicates that appointed counsel's authorized representation includes such proceedings.

*Id*. The United Stated States Supreme Court arrived at this conclusion after noting, in its statement of the case, that but for § 3599, Mr. Harbison would have been entirely without clemency counsel because Tennessee law did not authorize the appointment of state public defenders as clemency counsel. *Id*. at 182. This fact, however, did not play a role in the Supreme Court's analysis of the scope of the clemency clause in § 3599(e).

Respondent argues that under *Harbison*, § 3599(e) provides for the appointment of counsel only when a petitioner is unable to obtain adequate state representation. In support of this argument, he cites a portion of *Harbison* discussing the government's argument that reading § 3599(e) to authorize federally funded counsel for state clemency proceedings would require federally appointed counsel to represent a petitioner in all additional state court proceedings, including any federally mandated state retrial. Addressing this argument, the United States Supreme Court stated:

3

> We do not read subsection (e) to apply to state-court proceedings that follow the issuance of a federal writ of habeas corpus. When a retrial occurs after postconviction relief, it is not properly understood as a "subsequent stage" of judicial proceedings but rather as the commencement of new judicial proceedings. *Moreover, subsection (a)(2) provides for counsel only when a state petitioner is unable to obtain adequate representation.* States are constitutionally required to provide trial counsel for indigent defendants. Thus, when a state prisoner is granted a new trial following § 2254 proceedings, his state-furnished representation renders him ineligible for § 3599 counsel until the commencement of new § 2254 proceedings.

*Id*. at 189 (emphasis added).

Respondent argues that the United States Supreme Court's statement that "subsection (a)(2) provides for counsel only when a petitioner is unable to obtain adequate representation" restricts *Harbison*'s holding to situations where states have no process for the appointment of clemency counsel. Respondent argues that because the California Supreme Court provides representation for clemency proceedings, *see* Supreme Court Policies Regarding Cases Arising From Judgments Of Death, www.courts.ca.gov/documents/policiesmar2012.pdf, *Harbison* does not allow for the appointment of counsel in petitioner's case. *See also Irick v. Bell*, 636 F.3d 289 (6th Cir. 2011) (because state law provided prisoner with adequate counsel, prisoner was not entitled to representation under 18 U.S. § 3599); *Samoya v. Davis*, No. 00cv2118-W, (S.D. Cal. May 21, 2018) (denying appointment of Federal Public Defender for the District of Arizona as counsel for state clemency proceedings).

Petitioner disagrees with respondent's statutory interpretation and argues that numerous cases address the clemency clause of § 3599(e) without any discussion of the availability of clemency counsel funded by the state. *See*, *e.g*. *Wilkins v. Davis*, 832 F.3d 547 (5th Cir. 2016); *Battaglia v. Stephens*, 824 F.3d 470, 473-74 (5th Cir. 2016). Petitioner asserts that in California, several district courts have appointed federal counsel to represent death-sentenced defendants in state clemency proceedings without conditioning such appointment on the unavailability of state-funded counsel. *See Raley v. Davis*, No. 10-cv-04304 (N.D. Cal. May 9, 2018) (appointing Arizona FPD as co-counsel for state clemency proceedings); *Boyer v. Davis*, No. 06-cv-07584 (C.D. Cal. Nov. 28, 2017) (same). He asserts that the Arizona FPD has also been appointed under § 3599(e) to represent death-sentenced defendants in state clemency proceedings in Ohio and

4

1 Oklahoma. (ECF Doc. No. 236 at 6). Petitioner further asserts that even the guidelines for administering the Criminal Justice Act, as set forth in the United States Judicial Conference's Guide To Judiciary Policy, contemplate that the appointment of clemency counsel under § 3599(e) be "self-executing" rather than conditioned on the availability of clemency counsel funded by the state. (ECF Doc. No. 236 at 5-6).

Even under the narrow reading of *Harbison* advanced by respondent, the appointment of the Arizona FPD as co-counsel is warranted because it appears that otherwise, petitioner will be unable to obtain "adequate representation". *See Harbison*, 556 U.S. at 189. Petitioner's federally appointed counsel, Ms. Kenwood and Mr. McCabe, were appointed by the California Supreme Court to represent petitioner in all "appropriate post appeal representation". (ECF Doc. No. 236 at 21). They aver, however, that they are not in a position to provide adequate representation with respect to clemency. As previously noted, Mr. McCabe, who was first appointed to represent petitioner in 1994, is winding down his business and intends to retire. Ms. Kenwood works 80% time at the California Appellate Project. Neither has any clemency-related experience. The Arizona FPD, however, has the necessary staff and resources to assist with clemency. Furthermore, while the California Supreme Court's payment guidelines provide for a benchmark of only 40-80 hours for state clemency representation, *see* ECF Doc. No. 236 at 8, the Arizona FPD is prepared to shoulder all of petitioner's clemency-related costs. Finally, contrary to respondent's assertion, the appointment of the Arizona FPD, an out-of-state entity, is one that the state court might not be able to make. *See* Supreme Court Policies Regarding Cases Arising From Judgments Of Death at 5, www.courts.ca.gov/documents/policiesmar2012.pdf; Cal. Rules of Court 8.605.

As recognized by the United States Supreme Court in *Harbison*, clemency "is the historic remedy for preventing miscarriages of justice where judicial process has been exhausted . . . we have called it 'the fail safe' in our criminal justice system." 556 U.S. 192. In light of the circumstances above, appointing the Arizona FPD as co-counsel will allow petitioner to receive adequate representation during a critical stage of his proceedings.

**CONCLUSION**

For the above-mentioned reasons, petitioner is entitled to the appointment of the Arizona FPD as co-counsel with Ms. Kenwood and Mr. McCabe. Accordingly, petitioner's motion is GRANTED.

**IT IS SO ORDERED**.

Dated: August 2, 2018

_____
EDWARD J. DAVILA
United States District Judge